1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Evan J. Spano, SBN 311309
Harris Personal Injury Lawyers, Inc.
1025 Farmhouse Lane 2F
San Luis Obispo, CA 93401
Telephone:    (805)-544-0100
Fax:             (805-544-0101
Email:          evan@harrispersonalinjury.com

*Attorney for Plaintiffs*
*Sharon Serrano and Eliseo Serrano*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| SHARON SERRANO, an individual; ELISEO SERRANO, an individual;<br><br>                    Plaintiff,<br>vs.<br><br>UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; and DOES 1 through 20, Inclusive,<br><br>                    Defendants. | CASE NO. 2:24-cv-02731<br><br><br>**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL** |

Plaintiffs SHARON SERRANO AND ELISEO SERRANO ("Plaintiffs") allege as follows:

## I.   JURISDICTION AND VENUE

1.      This action arises under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-2680, which provides that United States District Courts shall have "exclusive jurisdiction of civil actions on claims against the United States, for money damages" and which vests exclusive subject matter jurisdiction of the Federal Tort Claims litigation in the Federal District Court.

2.      Venue is proper in the Central District of California pursuant to 28 U.S.C. § 1402(b) because the negligent acts giving rise to the Federal Tort Claim alleged herein occurred within the Central District of California, and the Plaintiffs reside within the Central District. Venue is proper specifically in the Western Division of this District because the negligent acts

Complaint under Federal Tort Claims Act
-1

giving rise to the Federal Tort Claim alleged herein occurred within the Western Division of the Central District of California.

3.  Pursuant to 28 U.S.C. § 2675(a), Plaintiffs presented separate and individual administrative claims to the Unites States Postal Service. This claim was presented on or about September 6, 2023, more than six months from the current date. The United States Postal Service has failed to make a final disposition of this claim, and Plaintiffs deem such failure to be a denial of the claim.

## II.  PARTIES

4.  Plaintiffs hereby incorporate by reference paragraphs 1 through 3 as though fully set forth herein.

5.  Plaintiff Sharon Serrano is a natural person and United States citizen who, at all times herein relevant, resided in San Luis Obispo County, California.

6.  Plaintiff Eliseo Serrano is a natural person and United States citizen who, at all times herein relevant, resided in San Luis Obispo County, California.

7.  Defendant, United States Postal Service, is an agency of the United States of America.

8.  Plaintiffs are unaware of the names and capacities of Defendants Does 1 through 20 inclusive, and therefore sue them by fictitious names.  Plaintiffs will amend their Complaint to show the true names and capacities of these Defendants once they are ascertained.  Plaintiffs are informed, believe and thereon allege that each of these Defendants is responsible in some manner for the wrongful acts alleged in their Complaint and proximately caused Plaintiffs' damages.

9.  Plaintiffs are informed and believe and thereon allege that, at all times herein mentioned, Defendants, and each of them, were and are the agents and employees of the remaining Defendants and were and area at all times herein relevant acting within the course and scope of said agency and employment and that each defendant has ratified and approved the acts of his/her/its agent.

///

///

### III. LIABILITY OF THE UNITED STATES POSTAL SERVICE

10. Plaintiffs hereby incorporate by reference paragraphs 1 through 9 as though fully set forth herein.

11. The liability of Defendant, United States of America, and the liability of its agent, Defendant United States Postal Service, is predicated specifically on 28 U.S.C. § 1346(b) and 2674 because the personal injuries, and resulting damages of which complaint is herein made, were proximately caused by the negligence, wrongful acts, and/or omissions of employees of Defendants, United States of America and United States Postal Service, by reason of the acts of Defendants, United States of American and United States Postal Service, through their employee, in the City of Arroyo Grande, County of San Luis Obispo, California, while acting within the course and scope of their employment, under circumstances where Defendants, United States of America and United States Postal Service, if private persons, would be liable to Plaintiff in the same manner and to the same extent as a private individual under the laws of the State of California.

12. Again, as is alleged above, Defendant, United States Postal Service, is an agency of Defendant United States of America. Defendant United States of America, at all times material hereto, owned operated, and controlled the agency and service known as the United States Postal Service, and through said agency owned, operated and maintained equipment, facilities, and services driven by Defendant United States Postal Service's employee.

13. This is an action brought under the Federal Tort Claims Act for personal injuries arising out of an automobile collision which occurred on or about February 11, 2023, near the intersection of Grand Avenue and Juniper Street, in the city of Arroyo Grande, County of San Luis Obispo, State of California. This location is within the Central District of California – Western Division.

### IV. FACTUAL ALLEGATIONS

14. Plaintiff hereby incorporates by reference paragraphs 1 through 13 as though fully set forth herein.

///

15. At all times herein mentioned, "Defendants" refers to the UNITED STATES OF AMERICA; UNITED STATES POSTAL SERVICE; and DOES 1 through 20.

16. At all times herein mentioned Defendants were the operator of that certain vehicle owned by Defendants.

17. At all times herein mentioned Defendants operated that certain vehicle owned by Defendants in the course and scope of their employment with Defendants and acted as an agent for Defendants.

18. On or about February 11, 2023, Defendants operated Defendants' vehicle in such a negligent manner as to cause a collision with Plaintiffs' vehicle, causing serious injuries to Plaintiffs.

## V.  **FIRST CAUSE OF ACTION**

### **NEGLIGENCE**

*(As to All Defendants)*

19. Plaintiffs hereby incorporate by reference paragraphs 1 through 18 as though fully set forth herein.

20. On or about February 11, 2023, Defendants operated Defendants' vehicle in San Luis Obispo County in such a negligent manner as to maintain an unreasonable speed unsafe for the conditions and, as a result, smash into the rear of Plaintiffs' vehicle, causing Plaintiffs' bodies to be violently tossed back and forth, all of which resulted in serious injuries to Plaintiffs.

21. At said times and places, Defendants negligently, carelessly, and without due care or regard for the life, safety, and rights of Plaintiffs, did so own, maintain, operate, and/or failed to maintain the vehicle driven by Defendants in a safe manner, causing Defendants' vehicle to slam into Plaintiffs' vehicle, causing serious injuries to Plaintiffs.

22. Defendants, employees of Defendants, caused the aforementioned collision while in the course and scope of their employment with, and while acting as an agent for them.  Therefore, Defendants are all fully responsible for Defendants' conduct through the doctrine of *respondeat superior*.

///

23. As a proximate result of the negligence of Defendants, and each of them, Plaintiffs were hurt and injured in their health, strength, and activity, sustaining injury to their body and shock and injury to their nervous system and person, all of which said injuries have caused, and continue to cause Plaintiffs great mental, physical and emotional distress and pain and suffering. Plaintiffs are informed, believe and thereon allege, that said injuries will result in some permanent disability to said Plaintiffs, all to their general damages in an amount to be proven at trial.

24. As a proximate result of the negligence of the Defendants, and each of them, Plaintiffs have incurred and will continue to incur medical and related expenses, in an amount that is unknown at this time but which will be proven at the time of trial.

25. As a proximate result of the negligence of the Defendants, and each of them, Plaintiffs have sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

26. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiffs have suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

27. As a further proximate result of the negligence of the Defendants, and each of them, Plaintiffs have suffered and will continue to suffer general damages in an amount presently unknown, but which will be proven at the time of trial.

## SECOND CAUSE OF ACTION

## NEGLIGENCE PER SE

*(As to All Defendants)*

28. Plaintiffs hereby incorporate by reference paragraphs 1 through 27 as though fully set forth herein.

29. Plaintiffs are further informed, believe, and thereon allege, that Defendants:

a.          Violated Vehicle Code § 22350 in that Defendants' speed was unreasonable and unsafe for conditions and

b.        As a result, caused a significant and violent impact between Defendants' vehicle and the front of Plaintiffs' vehicle.

30. Plaintiffs are further informed, believe and thereon allege that as a direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiffs were injured in their health, strength and activity, in various parts of their body. Plaintiffs also sustained shock and injury to their nervous system and person, all of which injuries have caused and continue to cause Plaintiffs severe mental, physical and nervous injury, anxiety, and pain and suffering.  Plaintiffs are informed, believe, and thereon allege, that these injuries caused by Defendants will result in some permanent disability to Plaintiffs, all in addition to their general damages, in an amount to be proven at trial.

31. Plaintiffs are informed, believe and thereon allege, that as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiffs were required to, and did, employ physicians, nurses, hospitals, therapists, and other medical and chiropractic professional services to treat and care for them.  As a result, Plaintiffs incurred and continue to incur expenses for medical and chiropractic treatment and care, medicines, and incidental care.

32. Plaintiffs are informed, believe and thereon allege, that in the future as a further direct, proximate and legal result of the negligence, carelessness, and unlawfulness of Defendants, Plaintiffs will require the services of physicians, surgeons, therapists, nurses, hospitals and other medical and chiropractic professional services to treat and care for them, and the reasonable amount of said services and liability will conform to proof at the time of trial.

33. As a proximate result of the negligence of the Defendants, Plaintiffs have sustained economic damages and loss of earnings, and will continue to incur economic damages and loss of earnings in an amount that is unknown at this time but which will be proven at the time of trial.

34. As a further proximate result of the negligence of the Defendants, Plaintiffs have suffered and will continue to suffer, a loss of earning capacity in an amount presently unknown but which will be proven at the time of trial.

**JURY DEMAND**

35. Plaintiffs demand a trial by jury on all claims so triable.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against the Defendants, and each of them, as follows:

1.    General damages to Plaintiffs, according to proof;

2.    Economic damages to Plaintiffs, according to proof,

3.    Medical and related expenses of Plaintiffs, according to proof;

4.    Loss of earnings of Plaintiffs, according to proof;

5.    Loss of earning capacity of Plaintiffs, according to proof;

6.    Costs of suit herein;

7.    Loss of Plaintiffs' property, according to proof;

8.    Loss of use of Plaintiffs' property to Plaintiffs, according to proof;

9.    Prejudgment interest;

10.   Such other further relief as the Court deems just and proper.


DATED: April 3, 2024                                Harris Personal Injury Lawyers, Inc.


                                                    By: _____
                                                        Evan Spano, Esq.
                                                        Attorney for Plaintiff